UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| KAREN LYNN FISCHER, ) | Case No. 6:09-bk-07498-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | |

MEMORANDUM OPINION DENYING TRUSTEE'S MOTION TO DETERMINE
WHETHER AN ORDER OF THIS COURT TO TURN OVER FUNDS TO
THE DEBTOR CAN BE SUPERSEDED BY A WRIT OF
GARNISHMENT ISSUED BY ANOTHER COURT

The Chapter 13 Trustee, Laurie K. Weatherford, has filed a Motion to Determine Whether an Order of this Court to Turn Over Funds to the Debtor Can be Superseded by a Writ of Garnishment Issued by Another Court (Doc. No. 29) (the "Trustee's Motion"). In the Trustee's Motion, the trustee asks this Court for guidance as to whether she should comply with an order of this Court, entered on October 13, 2009 (Doc. No. 25), directing her to turn over $1,337 to the debtor or, instead, comply with a conflicting garnishment order entered later, on October 28, 2009, by a state court directing her to turn over the same funds to a creditor, Chase Bank USA, N.A. The Court will deny the Trustee's Motion and direct her to turn over the funds to the creditor, Echelon Services, Inc., a/a/o Chase Bank USA, N.A.

As background, the debtor originally filed this case as a Chapter 13 proceeding. When she could not make timely payment on her debts, the Court entered an order dismissing the case and directed the Chapter 13 trustee to turn over all monies in her possession, $1,337, to the debtor.[1] The debtor, on November 2, 2009, filed a notice seeking to convert her Chapter 13 case to a Chapter 7 case.[2] The Court converted the case the next day.[3]

---

[1] Doc. No. 25
[2] Doc. No. 27
[3] Doc. No. 31

In the time between the dismissal of the Chapter 13 case and the debtor's request to convert this case to Chapter 7, on October 28, 2009, Chase, a creditor of the debtor, received a Writ of Garnishment from a Florida state court. Before the trustee had time to pay the debtor her monies, Chase served the Writ on the trustee, seeking to garnish the funds. The trustee then filed her motion seeking guidance on whether this Court's dismissal order could be superseded by the state court's Writ of Garnishment.[4]

Black letter bankruptcy law and 11 U.S.C. 1326(a) require a Chapter 13 trustee, upon the dismissal of a case, to return to the debtor all remaining funds with some exceptions not relevant in this case. Bankruptcy courts are split on whether a creditor, such as Chase, then can garnish funds held by a trustee but intended for the debtor. Some courts refuse to allow the garnishment citing the plain meaning of §1326(a)(2) and various public policy concerns.[5] Other courts have concluded that funds held by the trustee post-dismissal *are* subject to garnishment, reasoning that because the automatic stay lifts upon dismissal, the bankruptcy estate terminates and the trustee retaining debtor funds becomes in effect a "debtor of the Debtor."[6]

Although courts have made persuasive arguments on both sides of this issue, the Court adopts the reasoning of the courts that allow garnishment.[7] In short, there is nothing special about funds the Chapter 13 trustee holds that should prevent a creditor from proceeding with garnishment

---

[4] On December 1, 2009, the Court held an earlier hearing on the trustee's motion, which Chase was unable to participate in telephonically due to a technological glitch. The Court allowed the parties to submit supplemental case law or written memorandums, and apparently Chase attempted to submit a written memorandum of law, but the Court never received it. The Court then entered an Order granting the trustee's motion, in part due to Chase's assumed consent (Doc. No. 54). As explained in the related Order Granting Chase Bank's Motion for Reconsideration, the Court has vacated the prior order finding extraordinary circumstances.

[5] *In re Sexton*, 297 B.R. 375 (Bankr. M.D. Tenn. 2008); *In re Inyamah*, 378 B.R. 183 (Bankr. S.D. Ohio 2007); *In re Bailey*, 330 B.R. 775 (Bankr. D. Or. 2005); *In re Oliver*, 222 B.R. 272, 273-74 (Bankr. E. D. Va. 1998); *In re Walter*, 199 B.R. 390, 391-92 (Bankr. C.D. Ill 1996); In re Clifford, 182 B.R. 229 (Bankr. N.D. Ill. 1995); *In re Davis*, No 04-300020-DHW, 2004 WL 3310531 (Bankr. M.D. Ala. Jan. 6, 2004).

[6] *In re Mishler*, 223 B.R. 17, 20 (Bankr. M.D. Fla. 1998); *In re Schlapper*, 195 B.R. 805, 806 (Bankr. M.D. Fla. 1996); *In re Steenstra*, 307 B.R. 732, 738 (1st Cir. B.A.P., 2004); *In re Beam*, 192 F.3d 941 (9th Cir. 1999); *In re Brown*, 280 B.R. 231 (Bankr. E.D. Wisc. 2002); *In re Doherty*, 229 B.R. 461, 463 (Bankr. E.D. Wash. 1999); *Clark v. Commercial State Bank*, No. NO-00-CA-140, 2001 WL 685529 (W.D. Tex. April 16, 2010).

[7] *See, e.g., In re Mishler*, 223 B.R. 17, 20 (Bankr. M.D. Fla. 1998); *In re Schlapper*, 195 B.R. 805, 806 (Bankr. M.D. Fla. 1996).

after dismissal of a Chapter 13 case.  If the trustee is holding funds that belong to the debtor, viz-a-viz a third party creditor with a writ of garnishment, the trustee is just like any other "debtor of the debtor," and a creditor should not be prevented from garnishing such funds.

Moreover, nothing in the Bankruptcy Code prevents garnishment.  Though some courts find that the plain language of Bankruptcy Code §1326(a)(2) mandates return to the debtor of all funds held by the trustee, that section simply states that the "trustee shall return" to the debtor any payments made in accordance with an unconfirmed plan.  But there is no difference between this situation and a typical wage garnishment in which an employee is entitled to any wages earned, *except* when a creditor has a valid writ of garnishment allowing it to garnish wages held by the employer.  Similarly, banks must return funds to their depositors *except* when a creditor properly garnishes a bank account.  Nothing in the Bankruptcy Code prohibits a trustee from complying with a writ of garnishment; the Code simply directs the trustee to return funds to the debtor rather than retaining them or distributing them elsewhere.  If a diligent creditor's attorney serves a writ of garnishment on the trustee between dismissal and the time it takes for the trustee to administer the estate and return any leftover funds to the debtor, the creditor should be allowed to garnish such funds.

Accordingly, the Court finds that the Bankruptcy Code allows for garnishment of funds held by a Chapter 13 trustee post-dismissal.  A separate order consistent with this memorandum opinion shall be entered directing the trustee to turn over $1,337 to Chase in compliance with the Writ of Garnishment issued by the County Court for Orange County, Florida, Case No. 08-CC-2596.

DONE AND ORDERED in Orlando, Florida, on July 16, 2010.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor:  Karen Lynn Fischer, 808 Summit Greens Blvd., Clermont, FL  34711

Debtor's Attorney:  Robert Branson, 1524 E. Livingston Street, Orlando, FL  32803

Trustee:  Laurie K. Weatherford, P.O. Box 3450, Winter Park, FL  32790

Trustee:  George E. Mills, Jr., P.O. Box 995, Gotha, FL  34734-0995

United States Trustee:  135 W. Central Blvd., Suite 620, Orlando, FL 32801

Jeffrey R. Becker, Attorney for Chase Bank USA, N.A., P.O. Box 550858, Jacksonville, FL 32255-0858